DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TE 1713)
MALOOF & BROWNE LLP
411 Theodore Fremd Avenue - Suite 190
Rye, New York 10580
(914) 921-1200
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
GREAT AMERICAN INSURANCE COMPANY,    :

                    *Plaintiff,*        :        **16 Civ.**

    -against-                                        :

PREFERRED FREEZER SERVICES OF SOUTH       **COMPLAINT**
FLORIDA, LLC

                    *Defendant*.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiff, Great American Insurance Company ("Great American" or "Plaintiff"), by its attorneys, Maloof Browne & Eagan LLC, for its Complaint, alleges on information and belief as follows:

1.  All and singular the following premises are true and constitute claims arising within the diversity jurisdiction of the Court, pursuant to 28 U.S.C. § 1332, as hereinafter more fully appears.

2.  At all times material hereto, Great American was and is a corporation organized and existing under and by virtue of the laws of the State of Ohio, having its principal place of business in Cincinnati, Ohio, and was the insurer of Harbor Seafood, Inc. (hereinafter "Harbor Seafood") the owner of the goods that are the subject of the present action, as more fully described herein.

3. At all times material hereto, Defendant Preferred Freezer Services of South Florida LLC (hereafter "Preferred Freezer") was and is a limited liability company organized and existing under and by virtue of the laws of the State of Delaware, having its principal place of business in Miami, Florida, and whose members are citizens of the State of Delaware. At all material times hereto Defendant Preferred Freezer was engaged in business as a warehouseman of goods for hire, and does business in the State of New York including the area comprising the Southern District.

4. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. Venue is proper in the Southern District of New York pursuant to 28 USC §1391 on the basis that the Defendant Preferred Freezer, for purposes of the statute, resides in New York. The District is also the most convenient as, *inter alia,* the assured Harbor Seafood is located in New York where it entered into warehousing agreements with Preferred Freezer and related companies. Preferred Freezer's parent company is based in the New York metropolitan area. Great American investigated and adjusted the insurance claim through its New York office.

6. Commencing in and about April 2015 through in and about September 2015, various consignments of pasteurized crabmeat owned by Plaintiff's assured, Harbor Seafood, were delivered and entrusted in good order and condition to Defendant Preferred Freezer at its Miami, Florida facility (the "Shipments"). Such Shipments originated from, *inter alia,* Preferred Freezer's sister company warehouse in Edison, New Jersey (approximately 48,522 pounds in/about April/May 2015), Preferred Freezer's sister company warehouse in Medley, Florida (approximately 327,786 pounds in/about April/May 2015), and direct shipments

from Harbor Seafood's suppliers (approximately 206,832 pounds in/about May-September 2015).

7.  Defendant Preferred Freezer through its agents, employees and/or representatives, accepted said Shipments and, in consideration of charges paid and/or agreed to be paid, further agreed and undertook, *inter alia,* to safely receive, handle and store at the proper temperature; and deliver the Shipments to Harbor Seafood and/or its designees in the same good order and condition as when received.

8.  Defendant Preferred Freezer did not, however, deliver all of the Shipments to Harbor Seafood in the same condition as received, but on the contrary, delivered Shipments in a damaged condition, including product which suffered temperature abuse while in the custody of Preferred Freezer.

9.  As a result of the losses, Plaintiff was obligated to pay its assured substantial sums.  Plaintiff brings this action on its own behalf and as agent and trustee on behalf of and for the interest of all parties interested in and who were damaged as a result of the loss of the said Shipment, as their respective interests may ultimately appear, and is duly entitled to maintain this action.

10.  Plaintiff and its assured have performed all conditions on their parts to be performed.

11.  By reason of the foregoing, Plaintiff has sustained substantial damages, no part of which has been paid by Defendants, although duly demanded, in a sum estimated to be or exceed U.S. $1,546,093.

**FIRST CAUSE OF ACTION**

**BREACH OF CONTRACT**

12. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 11 above.

13. Defendant breached its agreements and obligations with Harbor Seafood by failing to re-deliver all the Shipments as set forth above in the same good order and condition as when received.

14. As a result, the Defendant Preferred Freezer has caused damage to Plaintiff, and is liable to Plaintiff, and to the others on whose behalf Plaintiff sues, for such damages in an amount estimated to be or exceed U.S. $1,546,093.

**SECOND CAUSE OF ACTION**

**TORT DAMAGE TO PROPERTY – NEGLIGENCE**

15. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 14 above.

16. Defendant negligently or with gross negligence failed to exercise the degree of care in relation to said Shipment that a reasonably careful man would exercise under like circumstances, and/or negligently and/or with gross negligence failed to take adequate precautions for the Shipment such as were reasonably required and would be sufficient to prevent loss to said Shipment.

17. The said Shipments suffered damage as alleged herein, as a proximate result of Defendant Preferred Freezer's said negligent and/or grossly negligent conduct.

18. By reason of the foregoing, the Defendant has caused damage as alleged herein to Plaintiff, and to the others on whose behalf Plaintiff sues, and are liable to Plaintiff for such damages in an amount estimated to be or exceed U.S. $1,546,093.

## THIRD CAUSE OF ACTION

## BREACH OF BAILMENT OBLIGATIONS

19. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 18 above.

20. Defendant was, at all relevant times, acting as bailee of or otherwise had a duty to care for the Shipments at the time it was lost and/or damaged. Defendant thereby, or through their contractors, agents, servants, or sub-bailees, warranted and had a legal duty to safely keep, care for, and deliver the said Shipments in the same condition as when entrusted to them, and/or to perform their services or to ensure that those services were performed with reasonable care and in a non-negligent and workmanlike manner. Defendant breached those obligations and negligently failed to deliver to Plaintiff's assured or its designee the said Shipments in good condition as when entrusted to them.

21. By reason of the foregoing, the Defendant has caused damage as alleged herein to Plaintiff, and to the others on whose behalf Plaintiff sues, and are liable to Plaintiff for such damages in an amount estimated to be or exceed U.S. $1,546,093.

WHEREOF, Plaintiff prays:

1. That process in due form of law may issue against the Defendant citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendant on each of the Causes of Action for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action;

3. That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated: December 14, 2016
      Rye, New York

MALOOF BROWNE & EAGAN LLC

By: s/Thomas M. Eagan_____
Thomas M. Eagan (TE 1713)
David T. Maloof (DM 3350)
411 Theodore Fremd Ave., Suite 190
Rye, NY 10580
Tel: (914) 921-1200
Fax: (914) 921-1023
Email: dmaloof@maloofandbrowne.com
        teagan@maloofandbrowne.com
*Attorneys for Plaintiff*

F:\WP-DOCS\0701.93\Pleadings\Complaint